**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **CHARLIE EASTER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-16-1282-M** |
| | ) | |
| **DA OF LAWTON; COMANCHE** | ) | |
| **COUNTY JAIL; and JUDGE** | ) | |
| **OF MY CONVICTION,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**REPORT AND RECOMMENDATION**

Charlie Easter (Plaintiff), a state prisoner appearing pro se, filed this

civil rights action under 42 U.S.C. § 1983, alleging violations of his

constitutional rights. Doc. 1.[1] United States District Judge Vicki Miles-

LaGrange has referred the matter to the undersigned Magistrate Judge for

initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 5.

The undersigned advised Plaintiff that his action could not proceed until

he either paid the $400 filing fee or the court granted him leave to proceed

without prepayment of the fee. Doc. 6.[2] The undersigned ordered Plaintiff to

---

[1]     This report cites court filings by their electronic case filing designation and pagination.

[2]     In addition to his complaint, Plaintiff filed only a copy of an "Offender's Request for Disbursement of Legal Fees" which he had submitted to the Oklahoma Department of Corrections for copying fees. Doc. 2.

cure this deficiency by December 8, 2016, and specifically cautioned that his failure to do so could result in the dismissal of this action. *Id.*[3]

Plaintiff failed to cure the deficiency or to otherwise respond to that order. The undersigned then sua sponte extended his time to cure the stated deficiency until January 5, 2017. Doc. 7. The undersigned advised Plaintiff that if he failed to do so, "the undersigned, without additional notice, will recommend the dismissal of this action without prejudice to refiling." *Id*. at 1-2.

To date, Plaintiff has not complied. He has not shown good cause for his failure to do so, and he has not requested an extension of time to comply with the orders. After filing his complaint on November 9, 2016, Plaintiff simply stopped communicating with the court. Plaintiff's failure to comply with court orders, together with a court's right and responsibility to manage and control its case load, warrants dismissal of this action without prejudice. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 n.2, 1162 (10th Cir. 2007) (noting the court applies Fed. R. Civ. P. 41(b) to allow sua sponte dismissal for "failure to . . . comply with the rules of civil procedures or court's orders").

---

[3] The undersigned instructed the Clerk of Court to send Plaintiff the necessary form to comply with the order.

## RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the stated reasons, the undersigned recommends the dismissal of Plaintiff's action under Fed. R. Civ. P. 41(b), without prejudice to refiling.

The undersigned advises Plaintiff of his right to file an objection to this Report and Recommendation with the Clerk of Court on or before February 1, 2017, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  The undersigned further advises Plaintiff that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein.  *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 12th day of January, 2017.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE